# Court of Appeals
# of the State of Georgia

ATLANTA, June 19, 2017

*The Court of Appeals hereby passes the following order:*

**A17A1731. IN THE INTEREST OF B. L. ET AL., CHILDREN (MOTHER).**

On May 10, 2016, the juvenile court ruled orally that B. L. and R. L. were dependent children and placed the children in the custody of the Department of Family and Children Services. On June 15, 2016, the juvenile court entered two orders approving case plans for the parents. The juvenile court entered the dependency order on June 16, 2016. The children's mother filed two notices of appeal, which have been docketed as Case Numbers A17A1730 and A17A1731.[1] In the first case, the mother seeks to appeal the dependency ruling. In this case, the mother seeks to appeal the order approving the case plans.

As a general rule, a right of direct appeal lies from a final judgment; that is, where the case is no longer pending below. See OCGA § 5-6-34 (a) (1). An exception to this general rule exists with regard to an order of the juvenile court finding a child to be dependent. See *In the Interest of A. T.*, 309 Ga. App. 822, 824 n.3 (711 SE2d 382) (2011) (involving deprivation finding). Accordingly, the appeal in A17A1730 is properly before us. There is, however, no such exception for a juvenile court order approving a case plan. Because the orders approving case plans were not final, the mother was required to comply with the interlocutory appeal procedures of OCGA

---

[1] The mother appealed to the Supreme Court, which transferred the appeals to this Court.

§ 5-6-34 (b). Her failure to do so deprives us of jurisdiction over this appeal, which is hereby DISMISSED.[2]



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*__06/19/2017__
  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____*Stephen E. Castlen*_____ *, Clerk.*

---

[2] Although the mother has no right to directly appeal the trial court's June 15 orders, she may be able to challenge the orders in Case Number A17A1730. See OCGA § 5-6-34 (d).